7

United States District Court
Southern District of Texas
ENTERED

JUL 27 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OBRA HOMES, INC., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-81 |
| | § | |
| THE CITY OF HARLINGEN, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF REMAND

BE IT REMEMBERED that on July 25, 2000 Plaintiffs' motion to remand (Dkt. No. 3) is GRANTED.

**Factual background**

Catherine and Claude Thacker ("Thackers") own property in Harlingen, Texas. Obra Homes, Inc., ("Obra") obtained an "earnest money contract" to purchase the property. Obra filed a zoning request for a Planned Development District with the City staff and with the City of Harlingen Planning and Zoning Commission. Both approved the plan. The City Commission of the City of Harlingen, however, did not adopt the plan. One commissioner moved to adopt the plan, but no commissioner seconded the motion.

In October of 1998, Obra filed this lawsuit in state court. On May 2, 2000, Obra amended its state court petition. The sole amendment was the addition of the Thackers as named plaintiffs. The causes of action remained exactly the same. Defendant removed on May 26, 2000.

**Discussion**

The issue before the Court is whether notice of removal was timely. Defendant filed notice of removal more than thirty days after the initial petition but less than thirty

1

days after Plaintiffs filed their second amended petition naming the Thackers as Plaintiffs.

Essentially, if the case stated in the initial pleading is removable, Defendant has thirty days to notice removal. On the other hand, if the case stated in the initial pleading is not removable, notice of removal may be filed within thirty days after Defendant receives notice that the case has become removable. See 28 U.S.C. §1446 (b).[1] Plaintiff's second amended petition, forming the basis of this removal, presents exactly the same claims as Plaintiff's original petition. The original petition presented a sufficient basis for Defendant to remove the case. Thus, Defendant should have noticed removal within thirty days of receiving the original petition.

Defendant's argument that it "timely removed as soon as someone with standing intervened" is simply unavailing. Standing is not a separate requirement that must be established in order to notice removal. Defendant could have noticed removal based on the initial pleading then filed a motion to dismiss in federal court based on Obra's lack of standing. Harlingen chose not to remove. Lastly, Defendant's reliance on cases involving the Federal Deposit Insurance Corporation ("FDIC") and the Federal Savings and Loan Insurance Corporation ("FSLIC") is misplaced. Removal of those cases is governed by separate statutes. Those cases, therefore, are inapposite.

---

[1] "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
"If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. §1446 (b).

This case is REMANDED to the 138th District Court of Cameron County. The parties are ORDERED to file no further pleadings on these issues in this Court, including motions to reconsider or the like.

DONE at Brownsville, Texas, this 25 day of July 2000.

_____
Hilda G. Tagle
United States District Judge

3